STATE OF NEW JERSEY, PLAINTIFF, v. ANTHONY DiCOSMO, DEFENDANT.

Superior Court of New Jersey
Law Division Union County

Decided October 12, 1982.

Richard H. Kress, for defendant.

Harold Knox, Assistant Prosecutor, for the State. (John H. Stamler, Union County Prosecutor, attorney).

LONG, J.S.C.

The question presented here is whether an individual who has been charged with an indictable offense, which charge has been administratively downgraded to a disorderly persons offense pursuant to R. 3:25–1, falls within the rule of State v. Senno, 79 N.J. 216 (1979), or whether he is eligible for pretrial intervention (PTI).

The case arose as follows: On January 1, 1982 defendant Anthony DiCosmo was arrested and charged with two violations of N.J.S.A. 2C:12–1(b)(5)(a) (miscited as N.J.S.A. 2C:12–5a), a statute which prohibits assault on a police officer. These are indictable offenses. On February 24, 1982 the Union County Prosecutor's Office notified defendant that the indictable complaints had been administratively dismissed and that the matter had been referred back to the municipal court for prosecution pursuant to N.J.S.A. 2C:12–1, a disorderly persons statute prohibiting simple assault. On April 19, 1982 defendant applied for PTI. On April 27 his application was rejected on the basis that persons charged with nonindictable offenses are ineligible for PTI in Union County. This appeal ensued.

In State v. Senno the Supreme Court addressed the question of the differing treatment afforded those accused of indictable as opposed to nonindictable offenses, in terms of eligibility for PTI. Applying equal protection concepts, the court held that while PTI governs important rights, it is not a fundamental right, nor is a classification based on nonindictable offenses a suspect category. Id. at 225–227. As such, the court applied the

rational basis test and concluded that the dual goals of PTI, that is, "[1] rehabilitation of defendants ... through avoidance of guilt adjudication and its attendant stigmatization, and [2] the expeditious disposition of cases in relief of congested criminal calendars, [citation omitted]," are rationally related to the exclusion of persons accused of nonindictable offenses from PTI, thus presenting no equal protection problem. *Id.* at 227–229.

The court in *Senno* went on to deal with the question of whether an equal protection claim is made out where the exclusion of persons accused of nonindictable offenses from PTI consideration is not uniformly practiced throughout the counties. Justice Mountain, writing for the court, held that due to the experimental nature of PTI, "[a] rational basis for the distinctions in admissions criteria among counties [exists]." *Id.* at 231. Further, the court observed that where "[t]here is no dispute that defendants accused of nonindictable offenses are treated uniformly as a class within each county," no claim of an equal protection violation can be sustained. *Id.* at 229, 231.

Defendant here does not challenge *Senno* but seeks to distinguish it on the basis that he, unlike the defendants in *Senno,* was originally charged with and accused of an indictable offense. Defendant maintains that the administrative downgrade merely changed the statutory citation of the offense in question and that the facts underlying it remain the same. As such he says he is still charged with an indictable offense and is therefore eligible for PTI. This is not the case. For the offense with which defendant is presently charged is defined in *N.J.S.A.* 2C:12–1(a)(1) as follows: "Simple Assault. A person is guilty of assault if he: (1) Attempts to cause or purposely, knowingly or recklessly causes bodily injury to another." The indictable offense with which defendant was charged is defined in *N.J.S.A.* 2C:12–1(b)(5)(a) as follows: "Aggravated Assault. A person is guilty of aggravated assault if he ... (5) commits a simple assault as defined in subsections a. (1) and (2) of this section upon (a) any law enforcement officer acting in the performance of his duties while in uniform or exhibiting evidence of his

authority." It is the status of the victim which is the pivotal difference between these offenses. And while defendant is correct that his allegedly aggressive behavior may be the same in each case, by eliminating the status of the victim as an operative fact, the aggravated assault originally charged became a simple assault. Thus, in terms of the elements of the offense which will have to be proven against defendant in the municipal court, one element of the indictable—the status of the victim as a law enforcement officer in the performance of his duties in uniform or exhibiting evidence of his authority—is no longer part of the case. As such, the administrative downgrade did not merely change the statutory citation of the offense; it reduced defendant's charge substantively, exposed him to a lesser penalty, (*N.J.S.A.* 2C:43–2(b), 3 and 8) and eliminated one operative fact from the case.

Further, the fact that defendant was originally charged with an indictable offense is of no consequence in terms of *Senno's* conclusion. For, as a result of having received the benefit of *R.* 3:25–1 (which reduces the possible sanction for the offense), defendant is no longer charged with an indictable offense and stands in the very same position as those who were originally charged in municipal court, and who in Union County are ineligible for PTI. Thus no equal protection claim exists.

Moreover, there is no reason from the point of view of PTI itself why persons in defendant's class should be rendered eligible for consideration. According to the director, in Union County there are approximately 1,000 disorderly persons offenses charged on a monthly basis, or roughly 12,000 a year. A radical change in the economics and staffing of PTI would be required even to begin to deal with such a case load. Would such a revision be justified? I think not. For to include disorderlies in the PTI caseload would not advance the stated aims of the program at all. As has been observed, the policy of PTI is twofold: to divert candidates with high prospects for rehabilitation from the traditional criminal process with its attendant rigors and stigma, and concomitantly to lighten the heavy

burden on the criminal courts. A defendant such as this one, who has already received the benefit of a downgrade, has, in essence, already been diverted out of the criminal system with its rigors and stigma, and is no longer a burden on the criminal calendar. To make him eligible for PTI would grant him a second advantage with absolutely no corresponding benefit from a public policy point of view. This is not warranted.

For the foregoing reasons, the decision of the director is affirmed.